■ RICHARD T. BOMAN, Appellant, v HENRY RESNICK et al., Respondents. —In a negligence action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Nassau County, entered December 10, 1975, which is in favor of the defendants, upon the granting by the trial court of their motion to set aside the jury verdict as being against the weight of the evidence. Judgment reversed, with costs, jury verdict reinstated, and action remitted to Trial Term for the entry of an appropriate amended judgment. Shortly after 9:00 A.M. on February 23, 1972, the plaintiff was engaged in the removal of garbage from Imperial Avenue, in New Hyde Park, Nassau County, when he was struck by a leased Cadillac automobile which was owned by defendant N. E. Cadillac Dealer Leasing, Inc., and which was being operated by its lessee, defendant Henry Resnick. At the time of the accident the plaintiff was employed by the Village of New Hyde Park Sanitation Department to collect garbage. At

the place of the accident, which was on Imperial Avenue, about 100 feet east of its intersection with New Hyde Park Road, the avenue was wide enough to accommodate one eastbound and one westbound traveling lane, with space for eastbound and westbound curb parking at the north and south curbs. At the time of the accident a garbage truck was facing in an easterly direction, at a standstill, as the plaintiff made garbage pickups on the north side of the avenue and another sanitation worker made pickups on the south side. The plaintiff was injured when, after emptying a trash can in the back of the truck, he stepped into the westbound lane, walking toward the north curb to return the can. He was struck above the right knee by Resnick's car as Resnick, who was traveling east on Imperial Avenue, attempted to pass the garbage truck on the truck's left side. The plaintiff testified at the trial that as he came out from behind the truck he had looked to his right and,. seeing no moving westbound vehicles, had proceeded toward the north curb. He admittedly had not looked to his left, where there was an unobstructed view to New Hyde Park Road. At both the end of the plaintiff's case and the close of the evidence, the trial court denied the defendants' motions to dismiss the complaint on the ground that the plaintiff had been guilty of contributory negligence as a matter of law. However, after the jury unanimously returned a verdict in favor of the plaintiff in the amount of $35,000, the trial court set aside the verdict and dismissed the complaint, stating that the plaintiff had been guilty of contributory negligence. We believe that the question of the plaintiff's contributory negligence was one of fact for the jury (see *Wartels v County Asphalt,* 29 NY2d 372; *Rossman v La Grega,* 28 NY2d 300). As the jury resolved the question in favor of the plaintiff, its determination should not have been disturbed. Hopkins, Acting P. J., Martuscello, Damiani and Titone, JJ., concur.